HOUSTON, Justice
(dissenting).
The Alabama Board of Pardons and Paroles had no standing to petition for the writ of prohibition from the Court of Criminal Appeals prohibiting Judge Joseph Phelps from enforcing his order directing the Board to “intensively supervise” William Donald Harris, a defendant in a pending criminal case. While on bail, Harris advised his wife that he intended to obtain certain weapons and to kill her, his immediate family, and himself. Because the com *1182 plaining party, Harris’s wife, refused to appear at a hearing to revoke Harris’s bond, Judge Phelps had no basis upon which to hold Harris without bond. Judge Phelps invoked Ala.R.Crim.P. 7.3(b)(3) and the contract between the Montgomery County Commission and the Board whereby the Commission paid the Board $10,-566.16 a month to investigate and monitor the conduct of not more than 80 pre-trial releasees. The contract between the Board and the Commission may need to be judicially construed to determine the meaning of the phrase “to monitor the conduct of not more than eighty (80) releasees at any time,” if the Board contends that it does not include “intensive[] supervis[ion] of any ... releasee,” but it does not give the Board standing to seek a writ prohibiting Judge Phelps from requiring such monitoring.